IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KNGSLEY ARIEGWE,<br><br>        Petitioner,<br><br>    vs.<br><br>PETE BLUDWORTH; ATTORNEY<br>GENERAL OF THE STATE OF<br>MONTANA,<br><br>        Respondents. | Cause No. CV 22-34-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

On Mach 30, 2022, Petitioner Kingsley Ariegwe filed this action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1)  Mr. Ariegwe is a state prisoner proceeding pro se.

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   Because this Court lacks jurisdiction over Mr. Ariegwe's successive petition, the matter should be dismissed.

i.      **Motion to Proceed in Forma Pauperis**

Mr. Ariegwe filed a motion to proceed in forma pauperis.  (Doc. 3.)  Based upon a review of his account statement, it appears he has sufficiently shown he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

ii.     **28 U.S.C. § 2254**

The petition at hand is the ninth one Mr. Ariegwe has filed in this Court. He filed the first in 2008. That petition, which challenged his 2004 conviction for attempted sexual intercourse without consent and unlawful transactions with minors, was dismissed with prejudice. [1]  Mr. Ariegwe's next habeas petition was filed in 2011 and was dismissed as second or successive.[2]  In 2012, Mr. Ariegwe filed two habeas petitions; both were dismissed as unauthorized third and fourth successive petitions, respectively.[3]  In 2013, Mr. Ariegwe filed his fifth petition challenging the 2004 conviction.[4]  He was again advised that this Court lacks jurisdiction to consider successive challenges to a conviction and that the Ninth Circuit would need to pre-authorize the filing of a successive petition before this

---

[1] *See Ariegwe v. State*, No. CV 08-79-GF-SEH-RKS (D. Mont. judgment entered Apr. 21, 2009).
[2] *Ariegwe v. Mahoney*, No. CV 11-79-H-DWM (D. Mont. judgment entered Aug. 31, 2011).
[3] *Ariegwe v. Kirkegard*, No. CV 12-37-GF-SEH (D. Mont. judgment entered June 13, 2012); *Ariegwe v. Kirkegard*, No. CV 12-101-GF-SEH-RKS (D. Mont. judgment entered Dec. 17, 2012).
[4] *Ariegwe v. Kirkegard*, No. CV 13-91-GF-DWM-RKS (D. Mont. judgment entered Nov. 12, 2013).

Court could consider it under 28 U.S.C. § 2244(b)(3)(A).[5]  Mr. Ariegwe's sixth

challenge to his conviction was, likewise, dismissed and this Court informed him:

> Even if Mr. Ariegwe could prove his innocence to this Court beyond a
> shadow of a doubt…this Court would still lack jurisdiction to hear his case
> unless and until Mr. Ariegwe obtains leave from the Court of Appeals to file
> in this Court.[6]

Undeterred, Mr. Ariegwe filed two more habeas petitions in this Court; both were

dismissed for lack of jurisdiction.[7]

Since the filing of his last petition, Mr. Ariegwe has continued challenging

his conviction in the state courts.  He recently filed a petition for habeas corpus

relief, which the district court construed as a second petition for postconviction

relief.  See, *Ariegwe v. State*, 2021 MT 210N at ⁋ 7, 405 Mont. 537, 492 P. 3d

1228 (Table).[8]  The district court denied Mr. Ariegwe's petition as time-barred and

procedurally defaulted.  *Id*.  On appeal, the Montana Supreme Court affirmed the

lower court's denial.  *Id*. at ⁋ 14.

Mr. Ariegwe again seeks to challenge his 2004 conviction in this Court and

raises eight separate claims.  See generally, (Doc. 1); see also, (Doc. 2 at 9-10.)

Mr. Ariegwe asks this Court to treat the instant successive petition as his first,

because his first petition and the subsequent petitions filed thereafter, according to

---

[5] Rec. and Or. at 2, *Ariegwe v. Kirkegard*, No. CV 13-91-GF-DWM-RKS (Nov. 12, 2013).
[6] Rec. and Or. at 2, *Ariegwe v. Kirkegard*, No. CV 14-60-GF-DLC-RKS (Sept. 22, 2014).
[7] *Ariegwe v. Kirkegard*, No. CV 15-96-GF-DLC (D. Mont. judgment entered Oct. 30, 2015);
*Ariegwe v. Kirkegard*, No. CV 16-23-GF-DLC (D. Mont. judgment entered March 22, 2016).
[8] A copy of this decision is attached to Mr. Ariegwe's present petition.  See, (Doc. 2-1 at 101-107.)

Mr. Ariegwe, were not ripe for review until now.  See, (Doc. 2 at 31-33.)  The

Court has reviewed the cases Mr. Ariegwe cites in support of his contention.

Unfortunately, they do not stand for the premise which he asserts.  See e.g., *Id*. at

33-35.

   As set forth above, Mr. Ariegwe has been repeatedly advised of the relevant

filing requirements.  Despite Mr. Ariegwe's belief to the contrary, this Court lacks

jurisdiction to consider his latest challenges to his 2004 conviction unless and until

the Ninth Circuit authorizes him to file a successive petition.  See, *Burton v.

Stewart*, 549 U.S. 147, 149 (2007)(per curiam).  Absent such authorization, Mr.

Ariegwe may not proceed in this Court.

   ### iii.    Certificate of Appealability

   "The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section

2254 Proceedings.  A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).   The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.

Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Where a claim

is dismissed on procedural grounds, the court must also decide whether "jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Ariegwe has not yet made a substantial showing that he was deprived of a constitutional right.  Moreover, there is no doubt that this Court lacks jurisdiction over the successive filing.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Ariegwe's Motion to Proceed In Forma Pauperis (Doc. 3) is GRANTED.

## RECOMMENDATION

1.  Mr. Ariegwe's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized successive petition under 28 U.S.C. § 2254.

2.  The Clerk of Court should be directed to enter a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

DATED this 4th  day of April, 2022.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge